**Leonard L. MANNING, Plaintiff–Appellant,**

v.

**John W. GAY, Mr./ Warden at ASPC CACF Private Prison; et al., Defendants–Appellees.**

No. 14–17586.

United States Court of Appeals, Ninth Circuit.

Submitted April 13, 2016.[*]

Filed April 21, 2016.

Leonard L. Manning, Florence, AZ, pro se.

Before: FARRIS, TALLMAN, and BYBEE, Circuit Judges.

MEMORANDUM [**]

Arizona state prisoner Leonard L. Manning appeals pro se from the district court's judgment dismissing his 42 U.S.C. § 1983 action alleging various federal claims. We have jurisdiction under 28

---

[*] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

[**] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

U.S.C. § 1291. We review for an abuse of discretion a dismissal for failure to comply with a court order. *Pagtalunan v. Galaza,* 291 F.3d 639, 640 (9th Cir.2002). We affirm.

The district court did not abuse its discretion by dismissing Manning's action. Manning failed to comply with the district court order instructing him to file an amended complaint and was warned that failure could result in dismissal of his action. *See id.* at 642–43 (discussing the five factors for determining whether to dismiss under Fed.R.Civ.P. 41(b) for failure to comply with a court order); *Ferdik v. Bonzelet,* 963 F.2d 1258, 1260 (9th Cir.1992) (although dismissal is a harsh penalty, the district court's dismissal should not be disturbed absent "a definite and firm conviction" that it "committed a clear error of judgment" (citation and internal quotation marks omitted)).

**AFFIRMED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.